IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

General Insurance
Company of America,

    Plaintiff,

vs.

Daniel Hess dba Hess Wood
Floor Service and
USAA Insurance Company,

    Defendants.

Case No.
Hon.

---

## Complaint for Declaratory Judgment

Plaintiff General Insurance Company of America ("General") for its Complaint for Declaratory Judgment states as follows:

### The Parties

1. General is an insurance company organized and existing under the laws of the State of New Hampshire, with its home office and principal place of business in Boston, Massachusetts. General conducts business in this District.

2. Defendant Daniel Hess dba Hess Wood Floor Service ("Hess") is a sole proprietor that installs and refinishes hardwood flooring. Hess is a citizen of Michigan. He resides and conducts business in this District.

3. Defendant USAA Insurance Company ("USAA") is an insurance company organized and existing under the laws of the State of Texas, with its home office and principal place of business in San Antonio, Texas. USAA conducts business in this District.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

6. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391(a) because Hess resides in and

operates his business in this District and the now rescinded General Policy was originally issued to Hess in Genesee County, Michigan.

### The General Policy

7. General issued Businessowners Commercial Policy No. BWG671297551 to Hess for the policy period effective December 16, 2023 through December 16, 2024 (the "General Policy").

8. On April 11, 2024, General rescinded the General Policy as of its effective date of December 16, 2023 because Hess made a material misrepresentation in the policy application. (Rescission letter, **Exhibit A**).

9. Hess and USAA seek insurance benefits under the rescinded General Policy with regard to a January 14, 2024 fire loss at 4276 Knollwood Drive, Grand Blanc, Michigan (the "Loss").

10. General disputes it has any insurance coverage obligations to Hess or USAA for the Loss under the rescinded General Policy and applicable law as more fully set forth below.

### The Policy Application and Underlying Claim

11. Relying on the information supplied by Hess in his insurance application, General issued the General Policy.

12. Before the General Policy was rescinded, Hess made a claim and USAA submitted a subrogation demand for property damage resulting from the Loss.

13. During its investigation of the claim, General discovered that Hess had made a material misrepresentation in his insurance application by failing to disclose a prior fire loss.

14. Hess represented that the he had not filed an insurance claim for his business in the past three years:

```
256   Q:   All right. Any insurance claims for the business in the last three years?
257
258   A:   No.
```

(Policy Application Phone Call Transcript, **Exhibit B**)

15. Hess' representation was false.

16. On August 23, 2021, Hess made a claim for a prior fire loss that occurred on July 30, 2021. Hess was at-fault for that fire which caused $883,000 in damages.

17. General would not have issued the General Policy if it had been informed of the 2021 fire loss claim.

18. By letter dated April 11, 2024, General denied coverage for the Loss and rescinded the General Policy as of its effective date of December 16, 2023. (**Exhibit A**).

19. A refund check was issued to Hess for the full amount of the premium - $1,250.00 – for the rescinded General Policy.

## Count I – Declaratory Judgment

20. General incorporates and realleges the allegations in paragraphs 1-19 as fully set forth here.

21. There exists a dispute and actual controversy and disagreement between General and Hess and USAA as to whether coverage under the General Policy exists and whether the policy was properly rescinded.

22. General seeks a declaration from this Court that Hess's and USAA's demands for coverage under the General Policy are precluded for the following reasons:

   a. General rescinded the General Policy issued to Hess due to a material misrepresentation contained in the application for insurance related to prior claims by the insured.

   b. There is no coverage under the General Policy for the Loss because, legally, under rescission, the General Policy never existed.

## Relief Requested

As set forth in this Complaint, General asks this Court to:

a. Declare that General properly rescinded the General Policy based on Hess's material misrepresentations;

b. Declare that General has no duty to provide coverage to Hess or USAA under the General Policy with respect to the Loss; and

c. Award General such other relief as the Court deems just and equitable.

Respectfully submitted,

COLLINS EINHORN FARRELL PC

BY: *s/ Nicole E. Wilinski*
Nicole E. Wilinski (P61904)
Hannah R. Brefeld (P86204)
*Attorneys for General Ins. Co. of Am.*
4000 Town Center, 9th Floor
Southfield, MI 48075,   (248) 355-4141
Nicole.Wilinski@ceflawyers.com
Hannah.Brefeld@ceflawyers.com

Dated:  April 19, 2024