# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GENERAL INSURANCE
COMPANY OF AMERICA,

       Plaintiff,                  Case No. 2:24-cv-11043

vs.                                   Hon. Brandy R. McMillion
                                   United States District Judge

DANIEL HESS d/b/a HESS WOOD
FLOOR SERVICE AND
USAA INSURANCE COMPANY,

       Defendants.
_____/

## ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANT DANIEL HESS d/b/a HESS WOOD FLOOR SERVICE

This matter is before the Court on Plaintiff General Insurance Company of America's ("Plaintiff") Motion for Entry of Default Judgment (ECF No. 19). The Court having personal jurisdiction over Defendants and subject matter jurisdiction over this action; and having fully reviewed and considered the Motion, all memoranda, exhibits attached thereto, and the documents filed and of record in this action, and arguments of counsel presented at the hearing on November 12, 2025[1];

---

[1] Notice of the Hearing on the Motion for Default was properly served upon Defendant Daniel Hess d/b/a Hess Wood Floor Service ("Hess") on October 21, 2025 (*see* ECF No. 24); however, Hess failed to appear at the hearing.

and being otherwise fully advised in the premises, the Court hereby makes the following findings:

1. On April 9, 2024, Plaintiff filed the Complaint in this action and subsequent thereto, duly served Defendant Daniel Hess d/b/a Hess Wood Floor Service ("Hess") with copies of the Complaint and Summons. *See* ECF Nos. 1, 3, 5.

2. Hess failed to timely answer the Complaint, and the Clerk entered default against Hess on July 9, 2024. ECF No. 11.

3. Plaintiff filed the present Motion for Default Judgment on October 7, 2025. ECF No. 19.

4. Upon entry of a default, the defendant is deemed to have admitted all the well-pleaded allegations in the complaint, including jurisdictional averments. *Ford Motor Company v Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich 2006).

5. As set forth in the Complaint, Plaintiff issued the Businessowners Commercial Policy No. BWG671297551 to Hess for the policy period effective December 16, 2023 through December 16, 2024 (the "Policy"). *See* ECF No. 1, PageID.3. On April 11, 2024, General rescinded the General Policy as of its effective date of December 16, 2023 because Hess made a material misrepresentation in the policy application by failing to disclose a prior fire loss. *Id.* at PageID.3-4; *see also* ECF No. 1-2.

6. As set forth in the Complaint, Hess failed to disclose that he had made an insurance claim for fire loss in 2021 (which was within the three years prior to applying for the Policy). Had Plaintiff known about 2021 fire loss claim, it would have not issued the Policy. ECF No. 1, PageID.4.

7. Before Plaintiff rescinded the policy, Co-Defendant USAA Insurance Company submitted a subrogation demand under the policy, for property damage resulting from fire loss. *Id.*

8. However, Plaintiff is not liable for that demand because Plaintiff properly rescinded Businessowners Commercial Policy No. BWG671297551 based on Hess's material misrepresentations.

Based on these findings, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Default Judgment is **GRANTED**.

(2) General Insurance Company of America has no duty to provide coverage to Daniel Hess d/b/a Hess Wood Floor Service under the General Policy.

(3) Plaintiff shall promptly serve a copy of the Order on Defendant Daniel Hess d/b/a Hess Wood Floor Service.

*This is a final order that closes the case.*

**IT IS SO ORDERED**.

Dated: November 12, 2025       s/Brandy R. McMillion
    Detroit, Michigan      HON. BRANDY R. MCMILLION
                                                   United States District Judge